Christopher Seidman
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel: (970) 245-9075
E-mail: chris@harmonseidman.com

Amanda Bruss
Harmon & Seidman LLC
12354 East Bates Circle
Aurora, CO 80014
Tel: 415-271-5754
E-mail: amanda@harmonseidman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSE LUIS PELAEZ, INC., | ) | Civil Action No. 16-2791 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR COPYRIGHT |
| v. | ) | INFRINGEMENT |
| | ) | |
| SCHOLASTIC, INC., | ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) | |
| | ) | |

Plaintiff Jose Luis Pelaez, Inc. ("JLPI"), for its Complaint against Defendant Scholastic, Inc. ("Scholastic") alleges:

**STATEMENT OF ACTION**

1. This is an action for copyright infringement brought by JLPI, the owner of copyrights to the photographs ("Photographs") described hereafter and originally licensed for limited use by Scholastic, against Scholastic for unauthorized uses of Plaintiff's photographs.

**PARTIES**

2. Jose Pelaez is a professional photographer, and president and sole owner of Jose Luis Pelaez, Inc., a corporation duly organized under the laws of New Jersey, with its principal place of business in West New York, New Jersey.

3. Scholastic is a New York corporation that maintains its principal place of business at 557 Broadway, New York, NY 10012. As the world's largest publisher and distributor of children's books, Scholastic sells and distributes its publications in the Southern District of New

York and throughout the United States, and overseas, including the publications in which JLPI's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Scholastic acted through or in concert with its various imprints, divisions, subsidiaries, and affiliates

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6. JLPI is the owner of copyrights to the photographic images depicted in Exhibits 1 and 2 ("the Photographs").

7. The Photographs have been registered with the United States Copyright Office or have pending copyright registrations. For the Photographs having pending registrations, complete applications, fees, and deposit materials for copyright registrations have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

8. JLPI entered into agreements with stock photography agencies, including Corbis Corporation ("Corbis") and its predecessor The Stock Market ("TSM"), as well as Getty Images ("Getty") (hereafter referred to collectively as '"the Agencies"), authorizing them to grant limited licenses for use of the Photographs to third parties, including Scholastic.

9. Upon information and belief, between 1992 and the present, and in response to permission requests from Scholastic, the Agencies sold Scholastic limited licenses to use copies of the Photographs in numerous educational publications. *See* Exhibit 1, which includes information from JLPI's royalty statements from TSM and Corbis, and Exhibit 2, which includes

information from JLPI's royalty statements from Getty. Exhibits 1 and 2 identify JLPI's image ID and image description; the Invoice number and date; and the Scholastic imprint that licensed JLPI's image(s).

10. Upon information and belief, the licenses the Agencies granted to Scholastic were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic).

11. Shortly after obtaining the licenses, upon information and belief Scholastic exceeded the licenses and infringed Plaintiff's copyrights in various ways, including:

   a. printing more copies of the Photographs than authorized;
   b. distributing publications containing the Photographs outside the authorized distribution area;
   c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;
   d. publishing the Photographs in international editions and foreign publications without permission;
   e. publishing the Photographs beyond the specified time limits.

12. Upon information and belief, after obtaining access to the Photographs, Scholastic used them without any license or permission in additional publications that have not yet been identified. Because Scholastic alone knows of these wholly unauthorized uses, Plaintiff cannot further identify them without discovery.

13. Scholastic alone knows the full extent to which it has infringed JLPI's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with JLPI.

14. Since 2011, Scholastic (or its parent, Scholastic Corporation) has been sued for copyright infringement in furtherance of its under-licensing practices in at least the following actions:

   a. *Palmer Kane LLC. v. Scholastic Corporation*, No. 11-cv-07456 (S.D.N.Y.);
   b. *Palmer/Kane LLC v. Scholastic Corporation and Scholastic, Inc.*, No. 14-cv-07805 (S.D.N.Y.);

    c. *David Young-Wolff, The Estate of Michael Newman, Laura Dwight, Ed Bock, and Lief Skoogfors v. Scholastic Corporation*, No. 14-cv-05089 (S.D.N.Y.);

    d. *Frans Lanting, Inc. v. Scholastic, Inc.,* No. 15-cv-05671 (N.D.Cal.); and

    e. *Bob Daemmrich Photography Inc. v. Scholastic Inc.,* No. 15-cv-1150 (W.D.Tex.).

15. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST SCHOLASTIC

16. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

17. The foregoing acts of Scholastic constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

18. Plaintiff suffered damages as a result of Scholastic's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: April 14, 2016

                                        Plaintiff Jose Luis Pelaez, Inc.
                                        by its attorneys

                                        */s/ Christopher Seidman*

                                        Christopher Seidman
                                        Harmon & Seidman LLC
                                        101 South Third Street, Suite 265
                                        Grand Junction, Colorado 81501
                                        Tel:  (970) 245-9075
                                        E-mail:  chris@harmonseidman.com