USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-19-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS PELAEZ, INC. and JOSE PELAEZ,

            Plaintiff,

-against-

SCHOLASTIC INC.,

            Defendant.

OPINION AND ORDER
16-CV-2791 (VM) (RLE)

HONORABLE RONALD L. ELLIS, U.S.M.J.:

## I. INTRODUCTION

On April 14, 2016, Plaintiffs Jose Luis Pelaez, Inc. and Jose Pelaez (collectively, "Pelaez") filed a Complaint alleging that Defendant Scholastic Inc. ("Scholastic") violated the Copyright Act ("the Act"), 17 U.S.C. § 501, by exceeding limited licenses of photographs Scholastic allegedly obtained from Corbis Corporation ("Corbis"), the Stock Market ("TSM"), and Getty Images ("Getty"). (Doc. No. 1.) Pelaez filed his First Amended Complaint ("FAC") on August 31, 2016. (Doc. No. 24.) A civil case management plan and scheduling order was entered on September 6, 2016, setting January 31, 2017, as the close of fact discovery. (Doc. No. 27.)

The case was referred to the undersigned for General Pretrial on December 6, 2016. (Doc. No. 32.) That same day, Pelaez filed a letter seeking a pre-motion conference to address a dispute regarding the scope of discovery and Scholastic's "boilerplate [general] objections" in response to Pelaez's discovery requests. (Doc. No. 33.) The Court held a pre-motion conference on January 3, 2017. (Doc. No. 39, Transcript ("Tr.").)

On March 24, 2017, Pelaez filed his motion for discovery orders. (Doc. Nos. 46-49.) Scholastic filed its opposition on April 7, 2017. (Doc. Nos. 52-53.) Pelaez filed his reply on

April 14, 2017. (Doc. No. 54.) For the reasons that follow, Pelaez's motion is **GRANTED** in part and **DENIED** in part. Scholastic's request for information about Pelaez's licenses of the images in question for the purpose of damages is **GRANTED**.

## II. BACKGROUND

Pelaez requested documents on August 25, 2016. On September 16, 2016, Scholastic served its responses and objections. (Doc. No. 47 at Ex. B, Pl.'s Mem. of Law ("Pl.'s Mem.").) At a conference on January 3, 2017, Pelaez stated that he is "asking for information going back to 1996 that relates to [his] [FAC]." (Tr. at 4.) Pelaez relies on his knowledge of other cases filed against Scholastic and alleged admissions made by Scholastic in those cases to support his claim that Scholastic exceeded limited licenses on the photographs at issue. (*Id.* at 5-6.) Pelaez argues that Scholastic has information that can be used to support Pelaez's claims, and also to support allegations of "willfulness." (*Id.* at 6-7.)

Scholastic responded, stating that it was "not aware of any admissions" in other cases, (*Id.* at 8.), and arguing that Pelaez "seek[s] information on other uses on the theory that there might be other books where [the photographs are] used" without providing "information that there are these other uses." *Id.* Thus, Scholastic argues that Pelaez is seeking an audit of Scholastic's use of the photographs. *Id.* Scholastic also claims that it is "not denying discovery," and does not have a searchable database where it can conduct a search of other uses. (*Id.* at 15, 18.) Scholastic asserts that it is "unwilling to give information on other theoretical uses that [Pelaez] has not identified." (*Id.* at 15.) Scholastic indicates that it would need to conduct depositions to discover if it can search for information prior to 2012. (*Id.* at 16.) Scholastic also seeks from Pelaez "other relevant invoices or uses of [the photographs at issue,]

2

which [Scholastic] think[s] would go to the appropriate cost of these photos and the damages [Pelaez] should be seeking in this case." (Tr. at 3.)

**A. Palaez's Position**

Pelaez argues that he has made a prima facie case of copyright infringement and the burden now shifts to Scholastic "to show a license for the uses they've made." (Tr. at 10.) Pelaez states that Scholastic has not produced information prior to 2013 and has refused to do a search of its records for other potential uses of the photographs. (*Id.* at 11.) Pelaez also notes that Scholastic does indeed have a searchable "[l]egacy database" that permits Scholastic to conduct a search of information prior to 2013. (*Id.* at 15.) The Court permitted Pelaez to file a motion to compel, and warned that Scholastic would have to present information articulating any burden and "difficulties in pulling together" the information sought by Pelaez. (*Id.* at 23-24.)

Pelaez filed his motion for discovery orders on March 24, 2017, seeking an Order (1) striking Scholastic's "boilerplate objections" to his document requests and requiring that Scholastic submit responses compliant with Federal Rule of Civil Procedure 34, and (2) "compel[ling] Scholastic to search for and produce responsive documents." (Pl.'s Mem. at 3.) Pelaez also seeks "(1) un-redacted copies of the Invoices at issue; (2) documents Scholastic agreed to produce in its September 2016 responses, but still has not produced; and (3) documents reflecting settlement of substantially similar infringement claims." (*Id.* at 4-5.) Pelaez also seeks invoices from Branded Entertainment Network ("BEN," formerly Corbis), which BEN offered to provide to Scholastic. (*Id.* at 24.)

Pelaez argues that Scholastic's objections to Pelaez's document requests are not specific and "makes it impossible for [Pelaez] to know (1) what categories of documents will be produced; (2) what categories of documents are being withheld; (3) the specific objections that

ostensibly support Scholastic withholding of responsive documents; and (4) when, if ever, Scholastic's production of documents will be complete." (Pl.'s Mem. at 7.)

Pelaez maintains that in deposition transcripts from other cases, Scholastic indicated that it has databases that are "searchable by photographer" and information can "go[] back to at least 1994." (*Id.* at 10-12.) Pelaez argues that "information regarding Scholastic's unauthorized use of [Pelaez's] [i]mages is direct evidence of copyright infringement" and relevant to willfulness, which "impacts the measure of statutory damages, calculation of actual damages, and whether pre-judgment interest should be awarded." (*Id.* at 13.) "Scholastic, and only Scholastic, has comprehensive knowledge of publications containing [Pelaez's] photographs." (*Id.* at 17.)

Pelaez argues that Scholastic's statements regarding its burden in producing responsive documents is a "broad assertion" that "is inadequate." (*Id.* at 18.) He seeks an Order "requir[ing] Scholastic conduct a search for responsive documents and information by knowledgeable persons in places where they are most likely to be found." (*Id.* at 20.) Pelaez argues that Scholastic's inability to locate Pelaez's photographs may raise spoliation issues, indicates that Scholastic has failed to comply with provisions of the Digital Millennium Copyright Act, and demonstrates that Scholastic violated other contractual duties to third parties. (*Id.* at 21-23.)

Pelaez also argues that a statute of limitations defense is an improper objection to discovery, and in the Second Circuit the "discovery rule" applies. (*Id.* at 26.) Lastly, Pelaez argues that production of unredacted copies of invoices is relevant because it shows "knowing and willful" infringement. (Pl.'s Mem. at 26-27.)

## B. Scholastic's Position

On April 4, 2017, Scholastic filed its opposition, arguing that Pelaez's FAC "lacked even the most basic information that would support [his] claims" and is now seeking "to audit Scholastic's uses of [his] photographs back to 1996 in the hope that an infringement claim would materialize." (Doc. No. 53, Def.'s Mem. of Law in Opp'n ("Def.'s Mem.") at 6.) Scholastic also argues that Pelaez is asking that Scholastic search for "all uses of any" of his photographs, including those not included in the FAC. (*Id.* at 7.) Scholastic asserts that Pelaez is "no[t] entitle[d]" to discovery of "presently unknown uses of [his] photographs" nor photographs not pled in the FAC. (*Id.* at 9-11.) Scholastic argues that Pelaez did not bargain for a contractual right to audit uses, and is therefore, not entitled to one here. (*Id.* at 9.)

Scholastic also notes that Pelaez's responses to Scholastic's document requests included general objections and Pelaez is "in no way confused about Scholastic's objections." (*Id.* at 8.)

Discovery is not yet complete so Scholastic argues that it is still in the process of submitting discovery on the uses pled in the FAC. (*Id.* at 12.) Scholastic also argues that it is difficult to search for the information Pelaez seeks because their databases were separate before 2012 and "are not set up by photographer name or invoice number, but by International Standard Book Number ("ISBN")." (*Id.* at 12-13.) Without the ISBN, Scholastic states that "it becomes very difficult to do the kind of investigative work that is necessary to sort of connect the dots through all these systems because that is kind of the core piece of information." (*Id.* at 13, quoting Doc. No. 52-5 ("Laing Tr.") at 147:5-148:21.) Therefore, searching for responsive documents places a "great burden [on] Scholastic to chase down every potential use." (*Id.* at 14.) Additionally, Scholastic argues that Pelaez's damages are limited to the three years prior to the

5

date his Complaint was filed, and, Pelaez should not receive discovery prior to 2013. (Def.'s Mem at 14.)

Scholastic also submitted a declaration with attached exhibits, including a March 9, 2017 deposition transcript of Donna Marcus Laing ("Laing"), a Scholastic employee in the royalty department. (Doc. No. 52, 52-5 (Laing Tr.).) In this deposition, Laing testifies that "old retired databases were not universally used … [and] there may be gaps in the information." (Laing Tr. at 120:22-25, 121:1-5.) The newer database, VisCon, may not contain information from older systems, (*Id.* at 195:2-4.), which makes a comprehensive search "difficult." (*Id.* at 147:12-23.)

As for invoices, Scholastic argues that Pelaez should not receive unredacted invoices with names of other photographers because unredacted invoices would not be admissible to prove willfulness and Scholastic is concerned that Pelaez would use the unredacted invoices to locate additional photographers as clients for future litigation. (*Id.* at 16-17.)

As for settlement documents, Scholastic argues that these documents should not be produced because settlement documents are not relevant to willfulness, not probative of infringement, and not relevant to Pelaez's claims. (*Id.* at 17.)

As for Corbis/BEN invoices, Scholastic disputes that it has the invoices in its possession and notes that Pelaez has subpoenaed Corbis/BEN but has not moved to compel production. (*Id.* at 18.)

**C. Pelaez Reply**

On April 14, 2017, Pelaez filed his reply. (Doc. No. 54.) Pelaez argues that although VisCon was not in place until 2012, "the fact that all information sought isn't located in a single database doesn't mean it can't be found, and Scholastic doesn't explain why it can't search its other databases for information." (*Id.* at 4.)

Again, Pelaez argues that "[w]hen a plaintiff brings a copyright infringement action within three years of discovery there is no limitation on the damages that are recoverable, no matter when the infringements occurred." (*Id.* at 5, citing *Psiboyos v. John Wiley & Sons*, 748 F.3d 120,124 (2d Cir. 2014).)

As for the invoices, Pelaez asserts that Scholastic has raised "no legitimate reason for redacting" invoices and that the unredacted invoices "are infringements of other photographs in the same books, by the same acts, by the same defendant, as those alleged by Pelaez" and are therefore relevant. (*Id.* at 9-10.)

As for prior settlements documents, Pelaez argues that he wants these documents "to show Scholastic knew it was systematically infringing copyrights in stock photography but failed to take steps to change how it operated its business" and "to show Scholastic knew it was infringing photographs in the publications at issue in this case, but failed to stop its infringements." (*Id.* at 10.) Lastly, Pelaez argues that since Corbis/BEN offered to produce invoices "Scholastic [has] the ability to obtain and produce invoices responsive to Pelaez's document requests." (*Id.* at 11.)

### III. DISCUSSION

Pursuant to Rule 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Discovery, however, can be limited if "the party from whom discovery is sought [shows] that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The court can then decide to order discovery "if the requesting party shows good cause." *Id.* The court also "must limit the frequency or extent of discovery" if "the proposed discovery is outside the scope" of discovery. Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Rule 34, a party objecting to discovery requests,

> must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. P. 34(b)(2)(B).

"An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). The responding party must make its responses "after a reasonable inquiry." Fed. R. Civ. P. 26(g)(1).

While the Court notes that Pelaez's five page FAC does not specifically allege uses exceeding limited licenses and alleges potential infringements dating back more than twenty years, a motion contesting the sufficiency and timeliness of Pelaez's allegations is not before the Court. Here, the issue is whether Pelaez's discovery requests are relevant and within the scope of discovery. The Court finds that Pelaez's request for a database search and production of information regarding the uses of the images pled in his FAC is relevant to his copyright infringement claim. As the Court noted at the January 3, 2017 hearing, the statute of limitations does not necessarily place a temporal limit on discovery. (Tr. at 6.) However, a search of images other than those pled in Pelaez's FAC is not proportional.

Scholastic has argued that producing the discovery Pelaez seeks is impossible and burdensome, but has failed to conduct a sampling and has not adequately demonstrated that Scholastic's databases do not allow for a search by image or photographer and for the time period pled. It is not clear whether a series of searches of Scholastic's databases pre- and post-2013 would produce responsive documents.[1] Additionally, it appears that Scholastic has not attempted to search different databases by photographer or photograph to generate responsive documents in this case. Therefore, Pelaez's request for a search of the photographs at issue, from 1996 to the present, is **GRANTED**. Scholastic shall file a response to this request by **November 2, 2017**.

As for Pelaez's requests for unredacted invoices and settlement agreements in other cases, the Court finds Pelaez's arguments speculative and unpersuasive, and finds that these requests are not relevant. This request is **DENIED**.

Pelaez's request for Corbis/BEN invoices is also **DENIED**. It appears that Corbis/BEN's offer to provide Scholastic with these invoices would require Scholastic "to pull the invoices they do not already possess" from Corbis/BEN's system. (Laing Tr. at 134:5-10.) Pelaez has already subpoenaed Corbis/BEN for the documents, and a subpoena appears to be the most direct way to retrieve the information.

Scholastic's general objections may be broad, but Scholastic responds to each specific document request and indicates which objections they are raising, agrees to produce documents, and indicates a time limitation of its production. (*See* Pl.'s Mem. at Ex. B.) The Court notes that

---

[1] During her deposition, Laing testifies that ISBNs are the easiest way to conduct a search, but it is not clear that this rules out a search by photograph or photographer. Although Laing testified that databases did not comprehensively memorialize information such as image IDs and photographer names, she noted that she was not fully aware of what information could be located and would need to consult with multiple people. (Laing Tr. at 130:16-20.) This should have been done already. An adequate discovery response requires knowledge of what information is available and what specific efforts would be required to retrieve it.

the objections do not indicate whether documents are being withheld; therefore, Scholastic shall revise its objections, making them consistent with this order and detailing which documents exist and are being withheld. Pelaez's request to strike Scholastic's general objections is **DENIED**.

Lastly, Scholastic's request for documents establishing damages is **GRANTED**. Pelaez has not argued why these documents should not be produced, and the Court finds these documents relevant to assess Pelaez's potential relief in this action. Palaez will respond to there requests by **November 2, 2017**.

## IV. CONCLUSION

In sum, Pelaez' motion to compel is **GRANTED** as follows:

- Scholastic is compelled to produce information related to the use of the images in Pelaez's FAC, from 1996 to the present, on or before **October 30, 2017**. If information cannot be located and produced, Scholastic must state with specificity the search process it undertook to find discoverable information. Any discovery that Scholastic agreed to produce in its September 26, 2016 responses shall be produced by **November 2, 2017**, if not done so already.

Pelaez's motion to compel is **DENIED** as follows:

- Scholastic's general objections will not be stricken, but, Scholastic shall revise its objections indicating whether or not requested documents exist, and if so, whether those documents are being withheld;
- Scholastic is not compelled to obtain and produce invoices in the custody of Corbis/BEN;

- Scholastic is not compelled to produce unredacted copies of the invoices pled in Pelaez's FAC, if those unredacted copies do not contain further references to Pelaez's photographs at issue; and
- Scholastic is not compelled to produce documents reflecting settlements in other cases.

Scholastic's request for information on other licenses of the photographs at issue for the purpose of damages is **GRANTED**. Pelaez shall produce documents on or before **November 2, 2017**.

The Clerk of the Court is instructed to terminate the motion pending at Doc. No. 46. The Parties' joint motion for an extension of time to complete discovery at Doc. No. 55 is **DENIED**. Instead, a phone conference will be held on October 30, 2017, at 12:30 p.m., to discuss discovery issues and an extension of the discovery deadline.

**SO ORDERED this 19th day of October 2017.**
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge