UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Luis Pelaez, Inc. and Jose Pelaez,

                      Plaintiffs,

-against-

Scholastic, Inc.,

                      Defendant.

1:16-cv-02791 (VM) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

This is a copyright action in which Plaintiffs, Jose Luis Pelaez, Inc. and Jose Pelaez ("Plaintiffs") allege that Defendant, Scholastic, Inc. ("Defendant" or "Scholastic") infringed Plaintiffs' copyrights by, *inter alia*, using certain photographs owned by Plaintiffs in excess of Scholastic's limited licenses. This Opinion and Order resolves a long-running discovery dispute regarding the appropriate search terms and custodians for Scholastic's search of its electronically stored information ("ESI"). It is hereby ORDERED that Scholastic conduct a search of its ESI as set forth below.

**BACKGROUND**

On December 21, 2017, Plaintiffs' counsel filed a Letter-Motion seeking to compel Scholastic to produce ESI bearing on Plaintiffs' claim that Scholastic's alleged infringements were willful. (ECF No. 63). Scholastic responded on January 4, 2018 (ECF No. 65) and Plaintiffs replied on January 8, 2018. (ECF No. 67.) Following a telephone conference with the parties on January 9, 2018, the Court entered an Order (the "1/9/18 Order") requiring (1) Plaintiffs to serve Defendants with interrogatories in order to identify the individuals with relevant knowledge of

the issues raised in Plaintiffs' Letter-Motion; (2) Defendant to respond to Plaintiffs' interrogatories; and (3) the parties to meet and confer in an attempt to narrow the search terms identified in Plaintiffs' Letter-Motion. (ECF No. 68.) The 1/9/18 Order also directed the parties to each select two search terms and two custodians (for a total of four search terms and four custodians) for Defendant to use to conduct a test search of ESI. Based on the results of the test search, the parties were to seek to resolve their remaining disputes regarding the appropriate custodians and search terms. The parties failed to resolve their dispute regarding all the issues identified in Plaintiffs' Letter-Motion, and on February 28, 2018 submitted a joint letter to the Court regarding the results of the test search and their positions regarding the outstanding issues in dispute. (ECF No. 69.)

The Court held another telephone conference with the parties on March 16, 2018 and directed the parties to continue to meet and confer to try to reach an agreement regarding custodians and search terms. Following the conference, the Court entered an Order the parties to submit, by March 30, 2018, a joint letter regarding the status of discovery, including any remaining disputes. (ECF No. 71.) The parties submitted their joint letter on March 30, 2018 setting forth their positions regarding a remaining dispute over search terms (ECF No. 72) and the Court held a third telephone conference with the parties on April 2, 2018.

## **DISCUSSION**

The scope of discovery in the federal courts is quite broad. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, No. 16-3637-CV, 2018 WL 542338, at *7 (2d Cir. Jan. 25, 2018) (recognizing the "extremely broad" discovery permitted by the Federal Rules of Civil Procedure). Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CIV-7488 (CM) (JCF), 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (internal quotation and citation omitted). As for proportionality, Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

The Court finds that the discovery sought by Plaintiffs is relevant to their allegation that Scholastic's infringement was willful.[1] Further, the Court has considered the proportionality factors in ordering Defendant to conduct only certain searches now and otherwise limiting other searches as set forth below. The Court in exercise of its discretion Orders as follows:

---

[1] The case relied on by Defendant, *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2014) is not to the contrary. First, that case involved the admissibility of evidence at trial, not the scope of permissible discovery. *Id.* at *358. Second, the Court in that case found that evidence of videos, apart from the videos at issue in the case, would not help establish that the defendant's alleged infringement was willful because, *inter alia*, the plaintiff did not allege that the same personnel played a role in the other incidents; that the other alleged infringements arose from similar control deficiencies; or that that the defendant had a pattern or practice of similar conduct. *Id.* Here, Plaintiffs contend that Scholastic's infringement "was not an isolated occurrence" and that its alleged awareness of infringement in other instances, coupled with its alleged failure to take remedial action, is evidence of reckless disregard for Plaintffs' rights. (*See, e.g.*, 12/20/17 Letter, ECF No. 63, at 2; 1/8/2018 Letter, ECF No. 67, at 2.)

1. Scholastic shall review documents from Search Strings[2] 2, 6-8, 10-12, 31, 45 and 46, and produce responsive documents to Plaintiffs.[3]

2. Scholastic is not required to run Search Strings 24-26.

3. Scholastic shall review documents from Search String 27 for custodians Moon, Polcari, Diamond and Silver and produce responsive documents to Plaintiffs. For custodians Paul and Quinteros, Scholastic shall add "AND exceed*" to the search string, as suggested by Plaintiffs, and provide an updated hit count, broken down by custodian, to Plaintiffs and the Court.

4. Scholastic shall provide to Plaintiffs and the Court a breakdown by custodian of the hit count for Search Strings 1, 3-5, 9, 21-23, 34-36, 38, and 40-42.

5. Scholastic is encouraged to de-duplicate documents across all searches in order to limit the number of documents that it needs to review. Prior to providing updated hit counts, Scholastic should de-duplicate searches for which the Court ordered a hit count by custodian, including for example, Search Strings 40-42, which Scholastic indicated might be returning identical results.

6. No later than April 18, 2018, Scholastic shall file a Letter on ECF setting forth the Court-ordered hit counts broken down by custodian.[4]

---

[2] Search String numbers refer to the string numbers in Ex. A to the parties March 30, 2018 joint letter to the Court. (ECF No. 72-1.)

[3] Scholastic has previously agreed to run Search Strings 13-20, which relate to the publication titles referenced in the Complaint. (*See* ECF No. 72, at 5.)

[4] Upon filing of this Letter, the Court will issue a further Order with respect to the subject Search Strings.

7. Defendants shall produce responsive documents to Plaintiffs on a rolling basis, but no later than May 21, 2018, unless good cause is shown why an extension should be granted.

8. Requests to admit shall be served no later than May 30, 2018.

9. The parties shall submit a joint letter regarding the status of discovery on June 8, 2018.

10. All fact discovery, including depositions, shall be completed by June 29, 2018.

11. A settlement conference shall be held on July 9, 2018.

12. Expert disclosures by a party having the burden of proof on a claim shall be completed by July 19, 2018.

13. Rebuttal expert disclosures shall be completed by August 9, 2018.

**SO ORDERED.**

DATED:	New York, New York
	April 3, 2018

_____
STEWART D. AARON
United States Magistrate Judge