UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Luis Pelaez, Inc. and Jose Pelaez,

                          Plaintiffs,

-against-

Scholastic, Inc.,

                          Defendant.

1:16-cv-02791 (VM) (SDA)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2018

**STEWART D. AARON, United States Magistrate Judge:**

Non-party, Peter Menzel ("Menzel"), by and through his counsel, Harmon Seidman Bruss & Kerr, LLC,[1] moves to intervene in this action, pursuant to Fed. R. Civ. P. 24(b), to seek modification of the Protective Order (ECF No. 31) to permit Menzel to review any evidence of Scholastic's infringements produced in this case, and use any "relevant evidence" in Menzel's own case against Defendant Scholastic, Inc. ("Defendant" or "Scholastic") that is pending in federal court in California. For the following reasons, the Court DENIES Menzel's motion.

**BACKGROUND**

This case was commenced on April 14, 2016 by the filing of a Complaint by Plaintiffs, Jose Luis Pelaez, Inc. and Jose Pelaez ("Plaintiffs"), alleging that Scholastic infringed on copyrights to certain photographs. (Compl., ECF No. 1, ¶ 1.) On October 28, 2016, Harmon Seidman stipulated with Defendant's counsel in this case to the terms of a Protective Order governing the use of

---

[1] The docket in this case lists counsel of record for Plaintiffs as Harmon & Seidman, LLC. However, the motion to intervene (ECF No. 79) lists the firm name as Harmon Seidman Bruss & Kerr, LLC. This law firm, which represents both non-party Menzel and the Plaintiffs in this case, will hereinafter be referred to as "Harmon Seidman."

confidential information, which was "So Ordered" by Judge Marrero on November 1, 2016. (Protective Order, ECF No. 31, at 15.) Section 7.1 of the Protective Order, entitled "Basic Principles," provides in relevant part, as follows:

> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party **in connection with this case only** for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

(Protective Order, at 8 (emphasis supplied).) Section 15 provides that within 60 days after final disposition of this case, "each Receiving Party must return all Protected Material to the Producing Party." (*Id*. at 14.)

On September 22, 2017, Menzel filed a lawsuit against Scholastic in the Northern District of California before Judge Edward M. Chen, entitled *Menzel v. Scholastic, Inc.*, alleging that Scholastic infringed on his copyrights to certain photographs. (Menzel Complaint, No. 17-CV-05499, ECF No. 1, ¶ 1.) On March 19, 2018, Judge Chen granted Scholastic's motion to dismiss Menzel's Complaint, but granted Menzel leave to amend. (N.D. Cal. Order Granting Def. Mot. To Amend, No. 17-CV-05499, ECF No. 42, at 7.)

On April 11, 2018, by Letter Motion filed on ECF purportedly by "Jose Luis Pelaez, Inc. [and] Jose Pelaez," Harmon Seidman requested a modification of the Protective Order in order to permit the use of "evidence of Scholastic's infringements" produced in this case in support of an amended complaint in Menzel's lawsuit in the Northern District of California. (Pls.' Letter-Motion, ECF No. 74, at 1.) On April 18, 2018, this Court denied Harmon Seidman's motion, stating as follows:

> Plaintiffs' counsel have not followed the proper procedure for seeking a modification of a protective order on behalf of a nonparty. Plaintiff's counsel are seeking relief on behalf of a client other than the Plaintiffs in this case and, therefore, must first file a motion to intervene on behalf of Mr. Menzel, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. [citation omitted] Plaintiff's counsel cannot shortcut this procedure simply because they represent the plaintiffs in both cases.
>
> . . . In weighing the merits of such a motion, Plaintiff's counsel are urged to consider the strict standard for modification of a protective order applicable in this Circuit. [citations omitted] Plaintiffs' counsel also should consider whether the information sought is relevant to Mr. Menzel's claims in light of Judge Chen's reasoning that "[j]ust because Scholastic has exceed licenses given by other individuals or entities . . . does not make it plausible that Scholastic has done the same with respect to Mr. Menzel." (Menzel Order, Pls.' Letter-Motion Ex. A, ECF No. 74-1, at 4-5.)

(4/18/18 Order, ECF No. 76, at 1-2.)

On April 24, 2018, the instant motion by Menzel to intervene to seek modification of the Protective Order was filed by Harmon Seidman. (ECF No. 79.) The docket reflects this motion as a "THIRD PARTY MOTION to Intervene" that was "filed by Jose Luis Pelaez, Inc. [and] Jose Pelaez." On May 2, 2018, Scholastic filed its opposition to Menzel's motion (ECF No. 81), and on May 4, 2018, a reply memorandum was filed. (ECF No. 82.)

Oral argument was held by telephone on May 7, 2018.

### DISCUSSION

**I. Legal Standards**

"[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *See AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (internal citation omitted). "Whether to grant intervention and whether to grant modification of a protective order are two separate issues." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 314 (D. Conn. 2009) (internal citation omitted).

3

Permissive intervention is governed by Rule 24(b) of the Federal Rules of Civil Procedure. That rule provides in relevant part that "the court may permit anyone to intervene who . . . has a claim or defense that shares a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A district court has broad discretion to grant or deny a request for permissive intervention. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996).

There is a strict standard for modification of a protective order applicable in this Circuit. *See In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011); *see also Med. Diagnostic Imaging, PLLC v. Carecore Natl., LLC*, Nos. 06-CV-07764 (CS) (THK) and 06-CV-13516 (VM) (THK), 2009 WL 2135294, at *1 (S.D.N.Y. July 16, 2009) ("[I]n this Circuit, there is a stringent standard that must be met in order for a third-party to secure modification of [a protective order].").

"Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).

**II.    Application**

    **A.    Menzel's Motion To Intervene Is Denied**

In its discretion, the Court denies Menzel's motion to intervene. Menzel argues that there are common questions of law and fact because "both Menzel and Pelaez allege the same method by which Scholastic infringed their respective images: reproducing photographs in unauthorized quantities after obtaining and exhausting limited-use licenses." (Menzel Mot., ECF No. 79, at 6.)

4

However, there are no allegations that the Scholastic publications at issue are the same, that the photographs are the same, that the licenses are the same, or that there are licensing agents who are the same. Menzel and Plaintiffs are separate copyright owners who separately licensed their respective photographs to Scholastic. This Court agrees with Judge Chen that "[j]ust because Scholastic has exceeded licenses given by other individuals or entities . . . does not make it plausible that Scholastic has done the same with respect to Mr. Menzel." (N.D. Cal. Order Granting Def. Mot. To Amend, No. 17-CV-05499, ECF No. 42, at 4-5.)[2]

The Court's denial of Menzel's motion to intervene is dispositive of the motion pending before the Court, since if Menzel is unable to intervene in this case, he cannot seek to amend the Protective Order. However, there is an independent ground for denial of Menzel's motion—that Menzel has not met the strict standard for modification of the Protective Order.

B. **Menzel's Motion To Modify The Protective Order Is Denied**

The Court finds that Menzel has not met the strict standard for modification of the Protective Order in this case. The terms of the Protective Order were stipulated to by and between Harmon Seidman, as counsel for Plaintiffs, and Frankfurt Kurnit, as counsel for Scholastic. In particular, Harmon Seidman, on behalf of its clients, agreed to use confidential information produced under the Protective Order in connection with this case only. "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07-CV-02352 (HB), 2007 WL 1498114, at *9 (S.D.N.Y. May 23, 2007) (citing *AT & T Corp.*, 407 F.3d

---

[2] Even if it is possible that Judge Chen would consider evidence from this action in assessing the plausibility of Menzel's claims, that possibility would not meet the compelling need standard required to modify a protective order in this Circuit. *See infra* Section II(B).

5

at 562). Here, it is reasonable that in conducting discovery Scholastic relied on the provision limiting the use of confidential information to this case. *See Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 121 (S.D.N.Y. 2015) (at a minimum, parties were justified in believing that a protective order would not be modified for purposes external to the lawsuit in which it was entered). The Court will not permit a modification of the Protective Order that would constitute a breach of that key provision, absent "a showing of improvidence in the grant" or "some extraordinary circumstance or compelling need" that supports modification of the Protective Order. *Wolters Kluwer Fin. Servs. Inc.,* 2007 WL 1498114, at *9 (citation omitted); *see also Martindell*, 594 F.2d at 297 (Medina, J., concurring) ("A plaintiff in a civil litigation is bound by the terms of an agreement he has made to restrict the access of non-parties, including the Government, to the products of discovery."). However, like District Judge Pitman in the Western District of Texas when recently denying an identical motion filed by Menzel in a case brought in that district against Scholastic, this Court finds that no such showing has been made. *See Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, No. 15-CV-04450 (RP) (W.D. Tex.), ECF No. 39, at 3 ("There is no good cause to modify the protective order in this case, especially in light of Scholastic's reliance on the order and the unforeseeability of Menzel's motion at the time the court entered the order.").

## CONCLUSION

For the foregoing reasons, Menzel's motion to intervene and modify the protective order in this case (ECF No. 79) is DENIED.

**SO ORDERED.**

DATED:	New York, New York
	May 7, 2018

_____
STEWART D. AARON
United States Magistrate Judge